| | |
|---|---|
| 1 | GEORGE J. BARRON, #53117 |
| | JONATHAN MCNEIL WONG, #112224 |
| 2 | DONAHUE GALLAGHER WOODS LLP |
| | Attorneys at Law |
| 3 | 1999 Harrison Street, 25th Floor |
| | Oakland, California 94612-3520 |
| 4 | P.O. Box 12979 |
| | Oakland, California 94604-2979 |
| 5 | Telephone:  (510) 451-0544 |
| | Facsimile:  (510) 832-1486 |

Attorneys for Plaintiff
CATHRYN REID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHRYN REID, | CASE NO. CV 10-02332 MMC |
| Plaintiff, | STIPULATION, DECLARATION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE FROM MARCH 30, 2012 TO APRIL 20, 2012 AND ORDER THEREON |
| v. | |
| ACCREDO HEALTH GROUP, INC., a Delaware corporation; MEDCO HEALTH SOLUTIONS, INC., a Delaware corporation; LINCOLN NATIONAL LIFE INSURANCE CO., an Indiana corporation; JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, a Nebraska corporation; SUN LIFE ASSURANCE COMPANY OF CANADA, a Canadian corporation as DOE 1; and DOES 2 to 25, inclusive, | |
| Defendants. | |

Pursuant to Local Rule 6, this stipulation is made by and between plaintiff Cathryn Reid and defendants Accredo Health Group, Inc., Medco Health Solutions, Inc., Lincoln National Life Insurance Co., Jefferson Pilot Financial Insurance Company, and Sun Life Assurance Company of Canada, by and through their respective counsel of record, with respect to the following:

WHEREAS, on August 26, 2010, the parties filed a stipulation continuing the initial case management conference from September 3, 2010 to October 29, 2010, which the Court approved on August 27, 2010;

WHEREAS, on October 29, 2010, the Court held an initial case management conference in this matter, which conference the Court continued to May 13, 2011;

WHEREAS, the parties filed a stipulation continuing the May 13, 2011 case management conference to June 10, 2011, which the Court approved on April 11, 2011;

WHEREAS, the parties filed a stipulation continuing the June 10, 2011 case management conference to August 26, 2011, which the Court approved on June 6, 2011;

WHEREAS, the parties filed a stipulation continuing the August 26, 2011 case management conference to November 18, 2011, which the Court approved on August 22, 2011;

WHEREAS, the parties filed a stipulation continuing the November 18, 2011 case management conference to February 10, 2012, which the Court approved on November 15, 2011;

WHEREAS, the parties filed a stipulation continuing the February 10, 2012 case management conference to March 30, 2012, which the Court approved on February 6, 2012;

WHEREAS, a primary reason for continuing the earlier case management conferences was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims herein.  Those claims procedures with the Defendant Insurers were completed and settlement discussions were started;

WHEREAS, the Defendants' stipulation for a continuance should not be construed as an admission with regard to the timeliness of any claim or appeal by the Plaintiff;

WHEREAS, Plaintiff and all Defendants have been and still are engaged in settlement negotiations.  All parties request an additional three week continuance that the parties can attempt to resolve the case without further involvement of the Court;

-1-

1  WHEREAS, all parties agree that continuing the March 30, 2012 Case Management Conference to April 20, 2012 will allow the parties time to explore settlement options. If the case has not settled, the parties will either request a Settlement Conference with Magistrate Judge and/or ask to schedule motions and a trial date. See Declaration of George J. Barron filed herewith.

WHEREAS, counsel for all parties have discussed their availability and determined that all counsel can attend a case management conference on April 20, 2012; alternatively if that date is not convenient for the Court, all counsel can attend a case management conference on May 4, 2012;

NOW, THEREFORE, the parties hereby jointly request, and respectfully ask the Court to order, as follows:

> That the case management conference be continued to April 20, 2012, with a joint case management conference statement due on or before April 13, 2012.

IT IS SO STIPULATED.

Dated: March 22, 2012          DONAHUE GALLAGHER WOODS LLP


                               By:  /s/ George J. Barron
                                    George J. Barron

                                    Attorneys for Plaintiff
                                    Cathryn Reid

Dated: March 22, 2012          BARGER & WOLEN LLP


                               By:  /s/ Dawn N. Valentine
                                    Martin E. Rosen
                                    Dawn N. Valentine

                                    Attorneys for Defendants
                                    Lincoln National Life Insurance Co. and
                                    Jefferson Pilot Financial Insurance Company

| | | |
|---|---|---|
| 1 | Dated: March 22, 2012 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By:  /s/ Nicole A. Diller |
| 4 | | Nicole A. Diller<br>Angel T. Lin |
| 5 | | Attorneys for Defendants |
| 6 | | Accredo Health, Inc. and<br>Medco Health Solutions, Inc. |
| 7 | Dated: March 22, 2012 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 8 | | |
| 9 | | |
| 10 | | By:  /s/ Christopher M. Ahearn |
| 11 | | Mark Schmidtke<br>Christopher M. Ahearn |
| 12 | | Attorneys for Defendants<br>Sun Life Assurance Company Of Canada |

-3-

## ATTESTATION

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: March 22, 2012          DONAHUE GALLAGHER WOODS LLP


By: /s/ George J. Barron
        George J. Barron

**DECLARATION OF GEORGE J. BARRON**

1. I am a partner at the law firm of Donahue Gallagher Woods LLP ("Donahue"), attorneys of record for plaintiff Cathryn Reid. I am licensed to practice law in the State of California and have been admitted to practice in the Northern District of California. I have direct and personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I would competently testify to these facts.

2. A primary reason for continuing the earlier case management conference herein was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims herein. Those claims were completed respecting the Insurer Defendants. One insurer did conclude there was life insurance coverage as recently as seven months before Mr. Reid's death, but continues to deny the claim. Specifically plaintiffs' claims were submitted to Defendants Lincoln/Jefferson and Sun Life; each claim was denied. Plaintiff appealed the Lincoln/Jefferson denial; that appeal was denied. Plaintiff appealed that denial; that appeal was denied. Plaintiff appealed the Sun Life denial; that appeal was denied. Plaintiff appealed that denial; that appeal was denied.

3. All parties have been and are still engaged in settlement negotiations. All parties have agreed to request the continuance of the March 30, 2012 Case Management Conference to April 20, 2012, to attempt to resolve the case without further involvement of the Court. If the case does not settle, the parties will either request a Settlement Conference with Magistrate Judge and/or ask to schedule motions and a trial date. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 22nd day of March, 2012, at Oakland, California.

/s/ George J. Barron
George J. Barron

**[PROPOSED] ORDER**

Pursuant to stipulation, the Court hereby ORDERS as follows:

1. The case management conference is continued from March 30, 2012 to April 20, 2012; and

2. The joint case management conference statement is due on or before April 13, 2012.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  March 26, 2012

_____
The Honorable Maxine M. Chesney
United States District Court Judge