1  GEORGE J. BARRON, #53117
   JONATHAN MCNEIL WONG, #112224
2  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
3  1999 Harrison Street, 25th Floor
   Oakland, California  94612-3520
4  P.O. Box 12979
   Oakland, California  94604-2979
5  Telephone:     (510) 451-0544
   Facsimile:     (510) 832-1486
6
   Attorneys for Plaintiff
7  CATHRYN REID

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 | CATHRYN REID,                          | CASE NO.  CV 10-02332 MMC
13 |              Plaintiff,                 | STIPULATION, DECLARATION AND
                                             | [PROPOSED] ORDER TO CONTINUE CASE
14 |      v.                                 | MANAGEMENT CONFERENCE FROM
                                             | JUNE 15, 2012 TO JULY 13, 2012 AND
15 | ACCREDO HEALTH GROUP, INC., a          | ORDER THEREON
   | Delaware corporation; MEDCO HEALTH
16 | SOLUTIONS, INC., a Delaware
   | corporation; LINCOLN NATIONAL LIFE
17 | INSURANCE CO., an Indiana corporation;
   | JEFFERSON PILOT FINANCIAL
18 | INSURANCE COMPANY, a Nebraska
   | corporation; SUN LIFE ASSURANCE
19 | COMPANY OF CANADA, a Canadian
   | corporation as DOE 1; and DOES 2 to 25,
20 | inclusive,

21              Defendants.

-1-

1     Pursuant to Local Rule 6, this stipulation is made by and between plaintiff Cathryn Reid
2 and defendants Accredo Health Group, Inc., Medco Health Solutions, Inc., Lincoln National Life
3 Insurance Co., Jefferson Pilot Financial Insurance Company, and Sun Life Assurance Company
4 of Canada, by and through their respective counsel of record, with respect to the following:

5     WHEREAS, on August 26, 2010, the parties filed a stipulation continuing the initial case
6 management conference from September 3, 2010 to October 29, 2010, which the Court approved
7 on August 27, 2010;

8     WHEREAS, on October 29, 2010, the Court held an initial case management conference
9 in this matter, which conference the Court continued to May 13, 2011;

10    WHEREAS, the parties filed a stipulation continuing the May 13, 2011 case management
11 conference to June 10, 2011, which the Court approved on April 11, 2011;

12    WHEREAS, the parties filed a stipulation continuing the June 10, 2011 case management
13 conference to August 26, 2011, which the Court approved on June 6, 2011;

14    WHEREAS, the parties filed a stipulation continuing the August 26, 2011 case
15 management conference to November 18, 2011, which the Court approved on August 22, 2011;

16    WHEREAS, the parties filed a stipulation continuing the November 18, 2011 case
17 management conference to February 10, 2012, which the Court approved on November 15, 2011;

18    WHEREAS, the parties filed a stipulation continuing the February 10, 2012 case
19 management conference to March 30, 2012, which the Court approved on February 6, 2012;

20    WHEREAS, the parties filed a stipulation continuing the March 30, 2012 case
21 management conference to April 20, 2012, which the Court approved on March 26, 2012;

22    WHEREAS, the parties filed a stipulation continuing the April 20, 2012 case management
23 conference to May 25, 2012, which the Court approved on April 16, 2012;

24    WHEREAS, the parties filed a stipulation continuing the May 25, 2012 case management
25 conference to June 15, 2012, which the Court approved on May 18, 2012;

26    WHEREAS, a primary reason for continuing the earlier case management conferences
27 was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims
28 herein.  Those claims procedures with the Defendant Insurers were completed and settlement

discussions were started;

WHEREAS, the Defendants' stipulation for a continuance should not be construed as an admission with regard to the timeliness of any claim or appeal by the Plaintiff;

WHEREAS, Plaintiff and all Defendants have been and still are engaged in settlement negotiations. Multiple offers and counteroffers have been exchanged. A settlement has been reached with Defendant Accredo/Medco. Plaintiff is monetarily close to reaching a settlement with a second defendant; substantial progress toward settlement has been made with the final defendant. All defendants are working on terms among themselves to insure the finality of a settlement and the end of any claims related to this case among the parties. All parties request an additional continuance so that the parties can finalize settlement or attempt to resolve the case without further involvement of the Court;

WHEREAS, all parties agree that continuing the June 15, 2012 Case Management Conference to July 13, 2012 will allow the parties time to explore settlement options. If the case has not settled, the parties will either request a Settlement Conference with Magistrate Judge and/or ask to schedule motions and a trial date. See Declaration of George J. Barron filed herewith.

WHEREAS, counsel for all parties have discussed their availability and determined that all counsel can attend a case management conference on July 13, 2012;

NOW, THEREFORE, the parties hereby jointly request, and respectfully ask the Court to order, as follows:

> That the case management conference be continued to July 13, 2012, with a joint case management conference statement due on or before July 6, 2012.

IT IS SO STIPULATED.

Dated: June 8, 2012            DONAHUE GALLAGHER WOODS LLP


By: /s/ George J. Barron
    George J. Barron
    Attorneys for Plaintiff
    Cathryn Reid

-2-

| | | |
|---|---|---|
| 1 | Dated: June 8, 2012 | BARGER & WOLEN LLP |
| 2 | | |
| 3 | | By: /s/ Dawn N. Valentine |
| 4 | |     Martin E. Rosen<br>    Dawn N. Valentine |
| 5 | | Attorneys for Defendants |
| 6 | | Lincoln National Life Insurance Co. and<br>Jefferson Pilot Financial Insurance Company |
| 7 | Dated: June 8, 2012 | MORGAN, LEWIS & BOCKIUS LLP |
| 8 | | |
| 9 | | By: /s/ Nicole A. Diller |
| 10 | |     Nicole A. Diller<br>    Angel T. Lin |
| 11 | | Attorneys for Defendants |
| 12 | | Accredo Health, Inc. and<br>Medco Health Solutions, Inc. |
| 13 | Dated: June 8, 2012 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 14 | | |
| 15 | | |
| 16 | | By: /s/ Christopher M. Ahearn |
| 17 | |     Mark Schmidtke<br>    Christopher M. Ahearn |
| 18 | | Attorneys for Defendants<br>Sun Life Assurance Company Of Canada |

**ATTESTATION**

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: June 8, 2012

DONAHUE GALLAGHER WOODS LLP

By: /s/ George J. Barron
George J. Barron

**DECLARATION OF GEORGE J. BARRON**

1. I am a partner at the law firm of Donahue Gallagher Woods LLP ("Donahue"), attorneys of record for plaintiff Cathryn Reid. I am licensed to practice law in the State of California and have been admitted to practice in the Northern District of California. I have direct and personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I would competently testify to these facts.

2. A primary reason for continuing the earlier case management conference herein was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims herein. Those claims were completed respecting the Insurer Defendants. One insurer did conclude there was life insurance coverage as recently as seven months before Mr. Reid's death, but continues to deny the claim. Specifically plaintiffs' claims were submitted to Defendants Lincoln/Jefferson and Sun Life; each claim was denied. Plaintiff appealed the Lincoln/Jefferson denial; that appeal was denied. Plaintiff appealed that denial; that appeal was denied. Plaintiff appealed the Sun Life denial; that appeal was denied. Plaintiff appealed that denial; that appeal was denied.

3. All parties have been and are still engaged in settlement negotiations. The parties have exchanged multiple offers and counteroffers. A settlement has been reached with Defendant Accredo/Medco. Plaintiff is monetarily close to reaching a settlement with a second defendant; substantial progress toward settlement has been made with the final defendant. All defendants are working on terms among themeselves to inusre the finality of a settlement and the end of any claims related to this case among any of the parties. All parties have agreed to request the continuance of the June 15, 2012 Case Management Conference to July 13, 2012, to attempt to resolve the case without further involvement of the Court. If the case does not settle, the parties will either request a Settlement Conference with Magistrate Judge and/or ask to schedule motions and a trial date. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 8th day of June, 2012, at Oakland, California.

                         /s/ George J. Barron
                         George J. Barron

1 <center>**[PROPOSED] ORDER**</center>

2  Pursuant to stipulation, the Court hereby ORDERS as follows:

3   1.   The case management conference is continued from June 15, 2012 to July 13, 2012; and

5   2.   The joint case management conference statement is due on or before July 6, 2012.

7  PURSUANT TO STIPULATION, IT IS SO ORDERED.

9  Dated:  June 11, 2012

_____
The Honorable Maxine M. Chesney
United States District Court Judge