1  GEORGE J. BARRON, #53117
   JONATHAN MCNEIL WONG, #112224
2  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
3  1999 Harrison Street, 25th Floor
   Oakland, California  94612-3520
4  P.O. Box 12979
   Oakland, California  94604-2979
5  Telephone:     (510) 451-0544
   Facsimile:      (510) 832-1486
6
   Attorneys for Plaintiff
7  CATHRYN REID

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

| 12 | CATHRYN REID, | CASE NO.  CV 10-02332 MMC |
|----|--------------|---------------------------|
| 13 | Plaintiff, | STIPULATION, DECLARATION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE FROM AUGUST 31, 2012 TO OCTOBER 5, 2012 AND ORDER THEREON |
| 14 | v. | |
| 15 | ACCREDO HEALTH GROUP, INC., a Delaware corporation; MEDCO HEALTH | |
| 16 | SOLUTIONS, INC., a Delaware corporation; LINCOLN NATIONAL LIFE | |
| 17 | INSURANCE CO., an Indiana corporation; JEFFERSON PILOT FINANCIAL | |
| 18 | INSURANCE COMPANY, a Nebraska corporation; SUN LIFE ASSURANCE | |
| 19 | COMPANY OF CANADA, a Canadian corporation as DOE 1; and DOES 2 to 25, | |
| 20 | inclusive, | |
| 21 | Defendants. | |

22

23

24

25

26

27

28

1    Pursuant to Local Rule 6, this stipulation is made by and between plaintiff Cathryn Reid

2    and defendants Accredo Health Group, Inc., Medco Health Solutions, Inc., Lincoln National Life

3    Insurance Co., Jefferson Pilot Financial Insurance Company, and Sun Life Assurance Company

4    of Canada, by and through their respective counsel of record, with respect to the following:

5    WHEREAS, on August 26, 2010, the parties filed a stipulation continuing the initial case

6    management conference from September 3, 2010 to October 29, 2010, which the Court approved

7    on August 27, 2010;

8    WHEREAS, on October 29, 2010, the Court held an initial case management conference

9    in this matter, which conference the Court continued to May 13, 2011;

10   WHEREAS, the parties filed a stipulation continuing the May 13, 2011 case management

11   conference to June 10, 2011, which the Court approved on April 11, 2011;

12   WHEREAS, the parties filed a stipulation continuing the June 10, 2011 case management

13   conference to August 26, 2011, which the Court approved on June 6, 2011;

14   WHEREAS, the parties filed a stipulation continuing the August 26, 2011 case

15   management conference to November 18, 2011, which the Court approved on August 22, 2011;

16   WHEREAS, the parties filed a stipulation continuing the November 18, 2011 case

17   management conference to February 10, 2012, which the Court approved on November 15, 2011;

18   WHEREAS, the parties filed a stipulation continuing the February 10, 2012 case

19   management conference to March 30, 2012, which the Court approved on February 6, 2012;

20   WHEREAS, the parties filed a stipulation continuing the March 30, 2012 case

21   management conference to April 20, 2012, which the Court approved on March 26, 2012;

22   WHEREAS, the parties filed a stipulation continuing the April 20, 2012 case management

23   conference to May 25, 2012, which the Court approved on April 16, 2012;

24   WHEREAS, the parties filed a stipulation continuing the May 25, 2012 case management

25   conference to June 15, 2012, which the Court approved on May 18, 2012;

26   WHEREAS, the parties filed a stipulation continuing the June 15, 2012 case management

27   conference to July 13, 2012, which the Court approved on June 11, 2012;

28   WHEREAS, the parties filed a stipulation continuing the July 13, 2012 case management

-1-

1    conference to August 31, 2012, which the Court approved on July 6, 2012;

2          WHEREAS, a primary reason for continuing the earlier case management conferences

3    was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims

4    herein.   Those claims procedures with the Defendant Insurers were completed and settlement

5    discussions were started;

6          WHEREAS, the Defendants' stipulation for a continuance should not be construed as an

7    admission with regard to the timeliness of any claim or appeal by the Plaintiff;

8          WHEREAS, Plaintiff has now settled her case with all Defendants and agreed on specific

9    monetary amounts with each Defendant.  Plaintiff has signed a settlement agreement with one

10   Defendant, and the other two Defendants are reviewing two changes, which Plaintiff has

11   requested in their proposed settlement agreements.  All parties request an additional continuance

12   so that the parties can finalize settlement without further involvement of the Court;

13         WHEREAS, all parties agree that continuing the August 31, 2012 Case Management

14   Conference to October 5, 2012 will allow the parties time to complete settlement documentation.

15   See Declaration of George J. Barron filed herewith.

16         WHEREAS, counsel for all parties have discussed their availability and determined that

17   all counsel can attend a case management conference on October 5, 2012;

18         NOW, THEREFORE, the parties hereby jointly request, and respectfully ask the Court to

19   order, as follows:

20              That the case management conference be continued to October 5,
                2012, with a joint case management conference statement due on or
21              before September 28, 2012.

22         IT IS SO STIPULATED.

23   Dated:  August 24, 2012              DONAHUE GALLAGHER WOODS LLP

24

25                                         By:  /s/ George J. Barron
                                              George J. Barron
26                                            Attorneys for Plaintiff
                                              Cathryn Reid
27

28

1    Dated:  August 24, 2012              BARGER & WOLEN LLP

2

3                                         By:  /s/ Martin E. Rosen
                                              Martin E. Rosen
4
                                          Attorneys for Defendants
5                                         Lincoln National Life Insurance Co. and
                                          Jefferson Pilot Financial Insurance Company
6
     Dated:  August 24, 2012              MORGAN, LEWIS & BOCKIUS LLP
7

8

9                                         By:  /s/ Nicole A. Diller
                                              Nicole A. Diller
10                                            Angel T. Lin

11                                        Attorneys for Defendants
                                          Accredo Health, Inc. and
12                                        Medco Health Solutions, Inc.

13   Dated:  August 24, 2012              OGLETREE, DEAKINS, NASH, SMOAK &
                                          STEWART, P.C.
14

15                                        By:  /s/ Christopher M. Ahearn

16                                            Mark Schmidtke
                                              Christopher M. Ahearn
17
                                          Attorneys for Defendants
18                                        Sun Life Assurance Company Of Canada

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION**

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 24, 2012                    DONAHUE GALLAGHER WOODS LLP


By: /s/ George J. Barron
George J. Barron

-4-

## DECLARATION OF GEORGE J. BARRON

1.    I am a partner at the law firm of Donahue Gallagher Woods LLP ("Donahue"), attorneys of record for plaintiff Cathryn Reid.  I am licensed to practice law in the State of California and have been admitted to practice in the Northern District of California.  I have direct and personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I would competently testify to these facts.

2.    A primary reason for continuing the earlier case management conference herein was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims herein.  Those claims were completed respecting the Insurer Defendants.  One insurer did conclude there was life insurance coverage as recently as seven months before Mr. Reid's death, but continues to deny the claim.  Specifically plaintiffs' claims were submitted to Defendants Lincoln/Jefferson and Sun Life; each claim was denied.  Plaintiff appealed the Lincoln/Jefferson denial; that appeal was denied.  Plaintiff appealed that denial; that appeal was denied.  Plaintiff appealed the Sun Life denial; that appeal was denied.  Plaintiff appealed that denial; that appeal was denied.

3.    Plaintiff has now settled her case with all Defendants and agreed on specific monetary amounts with each Defendant.  Plaintiff has signed a settlement agreement with one Defendant and the other two Defendants are reviewing two changes, which Plaintiff has requested in their proposed settlement agreements.  All parties have agreed to request the continuance of the August 31, 2012 Case Management Conference to October 5, 2012, to attempt to resolve the case without further involvement of the Court.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 24th day of August, 2012, at Oakland, California.


_____/s/ George J. Barron_____
George J. Barron

1

**[PROPOSED] ORDER**

2

Pursuant to stipulation, the Court hereby ORDERS as follows:

3      1.      The case management conference is continued from August 31, 2012 to October 5,

4      2012; and

5      2.      The joint case management conference statement is due on or before

6      September 28, 2012.

7

8      PURSUANT TO STIPULATION, IT IS SO ORDERED.

9

10     Dated:  August 24, 2012

11     The Honorable Maxine M. Chesney
       United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-