1   GEORGE J. BARRON, #53117
    JONATHAN MCNEIL WONG, #112224
2   DONAHUE GALLAGHER WOODS LLP
    Attorneys at Law
3   1999 Harrison Street, 25th Floor
    Oakland, California  94612-3520
4   P.O. Box 12979
    Oakland, California  94604-2979
5   Telephone:     (510) 451-0544
    Facsimile:     (510) 832-1486
6
    Attorneys for Plaintiff
7   CATHRYN REID

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  CATHRYN REID,                       CASE NO.  CV 10-02332 MMC

13              Plaintiff,              STIPULATION, DECLARATION AND
                                        [PROPOSED] ORDER TO CONTINUE CASE
14        v.                            MANAGEMENT CONFERENCE FROM
                                        AUGUST 31, 2012 TO OCTOBER 5, 2012
15  ACCREDO HEALTH GROUP, INC., a       AND ORDER THEREON
    Delaware corporation; MEDCO HEALTH
16  SOLUTIONS, INC., a Delaware
    corporation; LINCOLN NATIONAL LIFE
17  INSURANCE CO., an Indiana corporation;
    JEFFERSON PILOT FINANCIAL
18  INSURANCE COMPANY, a Nebraska
    corporation; SUN LIFE ASSURANCE
19  COMPANY OF CANADA, a Canadian
    corporation as DOE 1; and DOES 2 to 25,
20  inclusive,

21              Defendants.

22

23

24

25

26

27

28

1    Pursuant to Local Rule 6, this stipulation is made by and between plaintiff Cathryn Reid

2    and defendants Accredo Health Group, Inc., Medco Health Solutions, Inc., Lincoln National Life

3    Insurance Co., Jefferson Pilot Financial Insurance Company, and Sun Life Assurance Company

4    of Canada, by and through their respective counsel of record, with respect to the following:

5    WHEREAS, on August 26, 2010, the parties filed a stipulation continuing the initial case

6    management conference from September 3, 2010 to October 29, 2010, which the Court approved

7    on August 27, 2010;

8    WHEREAS, on October 29, 2010, the Court held an initial case management conference

9    in this matter, which conference the Court continued to May 13, 2011;

10   WHEREAS, the parties filed a stipulation continuing the May 13, 2011 case management

11   conference to June 10, 2011, which the Court approved on April 11, 2011;

12   WHEREAS, the parties filed a stipulation continuing the June 10, 2011 case management

13   conference to August 26, 2011, which the Court approved on June 6, 2011;

14   WHEREAS, the parties filed a stipulation continuing the August 26, 2011 case

15   management conference to November 18, 2011, which the Court approved on August 22, 2011;

16   WHEREAS, the parties filed a stipulation continuing the November 18, 2011 case

17   management conference to February 10, 2012, which the Court approved on November 15, 2011;

18   WHEREAS, the parties filed a stipulation continuing the February 10, 2012 case

19   management conference to March 30, 2012, which the Court approved on February 6, 2012;

20   WHEREAS, the parties filed a stipulation continuing the March 30, 2012 case

21   management conference to April 20, 2012, which the Court approved on March 26, 2012;

22   WHEREAS, the parties filed a stipulation continuing the April 20, 2012 case management

23   conference to May 25, 2012, which the Court approved on April 16, 2012;

24   WHEREAS, the parties filed a stipulation continuing the May 25, 2012 case management

25   conference to June 15, 2012, which the Court approved on May 18, 2012;

26   WHEREAS, the parties filed a stipulation continuing the June 15, 2012 case management

27   conference to July 13, 2012, which the Court approved on June 11, 2012;

28   WHEREAS, the parties filed a stipulation continuing the July 13, 2012 case management

-1-

1  conference to August 31, 2012, which the Court approved on July 6, 2012;

2       WHEREAS, a primary reason for continuing the earlier case management conferences

3  was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims

4  herein.  Those claims procedures with the Defendant Insurers were completed and settlement

5  discussions were started;

6       WHEREAS, the Defendants' stipulation for a continuance should not be construed as an

7  admission with regard to the timeliness of any claim or appeal by the Plaintiff;

8       WHEREAS, Plaintiff has now settled her case with all Defendants and agreed on specific

9  monetary amounts with each Defendant.  Plaintiff has signed a settlement agreement with one

10 Defendant, and the other two Defendants are reviewing two changes, which Plaintiff has

11 requested in their proposed settlement agreements.  All parties request an additional continuance

12 so that the parties can finalize settlement without further involvement of the Court;

13      WHEREAS, all parties agree that continuing the August 31, 2012 Case Management

14 Conference to October 5, 2012 will allow the parties time to complete settlement documentation.

15 See Declaration of George J. Barron filed herewith.

16      WHEREAS, counsel for all parties have discussed their availability and determined that

17 all counsel can attend a case management conference on October 5, 2012;

18      NOW, THEREFORE, the parties hereby jointly request, and respectfully ask the Court to

19 order, as follows:

20           That the case management conference be continued to October 5,
             2012, with a joint case management conference statement due on or
21           before September 28, 2012.

22      IT IS SO STIPULATED.

23 Dated: August 24, 2012                    DONAHUE GALLAGHER WOODS LLP

24

25                                           By:  /s/ George J. Barron
                                                  George J. Barron
26                                                Attorneys for Plaintiff
                                                  Cathryn Reid
27

28

1

Dated:  August 24, 2012                    BARGER & WOLEN LLP

2

3                                          By: /s/ Martin E. Rosen
                                               Martin E. Rosen
4
                                           Attorneys for Defendants
5                                          Lincoln National Life Insurance Co. and
                                           Jefferson Pilot Financial Insurance Company
6
Dated:  August 24, 2012                    MORGAN, LEWIS & BOCKIUS LLP
7

8

9                                          By: /s/ Nicole A. Diller
                                               Nicole A. Diller
10                                             Angel T. Lin

11                                         Attorneys for Defendants
                                           Accredo Health, Inc. and
12                                         Medco Health Solutions, Inc.

Dated:  August 24, 2012                    OGLETREE, DEAKINS, NASH, SMOAK &
13                                         STEWART, P.C.

14

15                                         By: /s/ Christopher M. Ahearn
                                               Mark Schmidtke
16                                             Christopher M. Ahearn

17                                         Attorneys for Defendants
                                           Sun Life Assurance Company Of Canada
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  August 24, 2012                    DONAHUE GALLAGHER WOODS LLP


By:  /s/ George J. Barron
                                       George J. Barron

1

## DECLARATION OF GEORGE J. BARRON

2      1.      I am a partner at the law firm of Donahue Gallagher Woods LLP ("Donahue"),

3   attorneys of record for plaintiff Cathryn Reid.  I am licensed to practice law in the State of

4   California and have been admitted to practice in the Northern District of California.  I have direct

5   and personal knowledge of the facts set forth in this declaration and, if called and sworn as a

6   witness, I would competently testify to these facts.

7      2.      A primary reason for continuing the earlier case management conference herein

8   was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims

9   herein.   Those claims were completed respecting the Insurer Defendants.   One insurer did

10  conclude there was life insurance coverage as recently as seven months before Mr. Reid's death,

11  but continues to deny the claim.   Specifically plaintiffs' claims were submitted to Defendants

12  Lincoln/Jefferson and Sun Life; each claim was denied.  Plaintiff appealed the Lincoln/Jefferson

13  denial; that appeal was denied.  Plaintiff appealed that denial; that appeal was denied.  Plaintiff

14  appealed the Sun Life denial; that appeal was denied.  Plaintiff appealed that denial; that appeal

15  was denied.

16     3.      Plaintiff has now settled her case with all Defendants and agreed on specific

17  monetary amounts with each Defendant.  Plaintiff has signed a settlement agreement with one

18  Defendant and the other two Defendants are reviewing two changes, which Plaintiff has requested

19  in their proposed settlement agreements.  All parties have agreed to request the continuance of the

20  August 31, 2012 Case Management Conference to October 5, 2012, to attempt to resolve the case

21  without further involvement of the Court.  I declare under penalty of perjury under the laws of the

22  United States of America that the foregoing is true and accurate.

23      Executed this 24th day of August, 2012, at Oakland, California.

24

25                   _____/s/ George J. Barron_____
                     George J. Barron

26

27

28

**[PROPOSED] ORDER**

Pursuant to stipulation, the Court hereby ORDERS as follows:

      1.     The case management conference is continued from August 31, 2012 to October 5, 2012; and

      2.     The joint case management conference statement is due on or before September 28, 2012.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  August 24, 2012                           

The Honorable Maxine M. Chesney
United States District Court Judge