1  GEORGE J. BARRON, #53117
   JONATHAN MCNEIL WONG, #112224
2  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
3  1999 Harrison Street, 25th Floor
   Oakland, California  94612-3520
4  P.O. Box 12979
   Oakland, California  94604-2979
5  Telephone:    (510) 451-0544
   Facsimile:    (510) 832-1486
6
   Attorneys for Plaintiff
7  CATHRYN REID

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  CATHRYN REID,                          CASE NO.  CV 10-02332 MMC

13            Plaintiff,                   STIPULATION, DECLARATION AND
                                           [PROPOSED] ORDER TO CONTINUE CASE
14       v.                                MANAGEMENT CONFERENCE FROM
                                           OCTOBER 5, 2012 TO NOVEMBER 9, 2012
15  ACCREDO HEALTH GROUP, INC., a          AND ORDER THEREON
    Delaware corporation; MEDCO HEALTH
16  SOLUTIONS, INC., a Delaware
    corporation; LINCOLN NATIONAL LIFE
17  INSURANCE CO., an Indiana corporation;
    JEFFERSON PILOT FINANCIAL
18  INSURANCE COMPANY, a Nebraska
    corporation; SUN LIFE ASSURANCE
19  COMPANY OF CANADA, a Canadian
    corporation as DOE 1; and DOES 2 to 25,
20  inclusive,

21            Defendants.

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 6, this stipulation is made by and between plaintiff Cathryn Reid and defendants Accredo Health Group, Inc., Medco Health Solutions, Inc., Lincoln National Life Insurance Co., Jefferson Pilot Financial Insurance Company, and Sun Life Assurance Company of Canada, by and through their respective counsel of record, with respect to the following:

WHEREAS, on August 26, 2010, the parties filed a stipulation continuing the initial case management conference from September 3, 2010 to October 29, 2010, which the Court approved on August 27, 2010;

WHEREAS, on October 29, 2010, the Court held an initial case management conference in this matter, which conference the Court continued to May 13, 2011;

WHEREAS, the parties filed a stipulation continuing the May 13, 2011 case management conference to June 10, 2011, which the Court approved on April 11, 2011;

WHEREAS, the parties filed a stipulation continuing the June 10, 2011 case management conference to August 26, 2011, which the Court approved on June 6, 2011;

WHEREAS, the parties filed a stipulation continuing the August 26, 2011 case management conference to November 18, 2011, which the Court approved on August 22, 2011;

WHEREAS, the parties filed a stipulation continuing the November 18, 2011 case management conference to February 10, 2012, which the Court approved on November 15, 2011;

WHEREAS, the parties filed a stipulation continuing the February 10, 2012 case management conference to March 30, 2012, which the Court approved on February 6, 2012;

WHEREAS, the parties filed a stipulation continuing the March 30, 2012 case management conference to April 20, 2012, which the Court approved on March 26, 2012;

WHEREAS, the parties filed a stipulation continuing the April 20, 2012 case management conference to May 25, 2012, which the Court approved on April 16, 2012;

WHEREAS, the parties filed a stipulation continuing the May 25, 2012 case management conference to June 15, 2012, which the Court approved on May 18, 2012;

WHEREAS, the parties filed a stipulation continuing the June 15, 2012 case management conference to July 13, 2012, which the Court approved on June 11, 2012;

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, the parties filed a stipulation continuing the July 13, 2012 case management conference to August 31, 2012, which the Court approved on July 6, 2012;

WHEREAS, the parties filed a stipulation continuing the August 31, 2012 case management conference to October 5, 2012, which the Court approved on August 27, 2012;

WHEREAS, a primary reason for continuing the earlier case management conferences was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims herein.  Those claims procedures with the Defendant Insurers were completed and settlement discussions were started;

WHEREAS, the Defendants' stipulation for a continuance should not be construed as an admission with regard to the timeliness of any claim or appeal by the Plaintiff;

WHEREAS, Plaintiff has now settled her case with all Defendants and agreed on specific monetary amounts with each Defendant.  Plaintiff has signed a settlement agreement with two Defendants, and the other Defendant is reviewing one change, which Plaintiff has requested in their proposed settlement agreements.  All parties request an additional continuance so that the parties can finalize settlement without further involvement of the Court;

WHEREAS, all parties agree that continuing the October 5, 2012 Case Management Conference to November 9, 2012 will allow the parties time to complete settlement documentation.  See Declaration of George J. Barron filed herewith.

WHEREAS, counsel for all parties have discussed their availability and determined that all counsel can attend a case management conference on November 9, 2012;

NOW, THEREFORE, the parties hereby jointly request, and respectfully ask the Court to order, as follows:

> That the case management conference be continued to November 9, 2012, with a joint case management conference statement due on or before November 2, 2012.

1

IT IS SO STIPULATED.

2

Dated:  September 28, 2012          DONAHUE GALLAGHER WOODS LLP

3

4

By: /s/ George J. Barron

5              George J. Barron
               Attorneys for Plaintiff
6              Cathryn Reid

7   Dated:  September 28, 2012          BARGER & WOLEN LLP

8

9                                      By: /s/ Martin E. Rosen

10             Martin E. Rosen
               Attorneys for Defendants
               Lincoln National Life Insurance Co. and
11             Jefferson Pilot Financial Insurance Company

12  Dated:  September 28, 2012          MORGAN, LEWIS & BOCKIUS LLP

13

14                                     By: /s/ Nicole A. Diller

15             Nicole A. Diller
               Attorneys for Defendants
16             Accredo Health, Inc. and
               Medco Health Solutions, Inc.

17  Dated:  September 28, 2012          OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.
18

19

20                                     By: /s/ Christopher M. Ahearn

               Mark Schmidtke
21             Christopher M. Ahearn
               Attorneys for Defendants
22             Sun Life Assurance Company Of Canada

23

24

25

26

27

28

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION</u>

Pursuant to General Order 45(X), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: September 28, 2012        DONAHUE GALLAGHER WOODS LLP


By:  /s/ George J. Barron
    George J. Barron

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GEORGE J. BARRON

1.     I am a partner at the law firm of Donahue Gallagher Woods LLP ("Donahue"), attorneys of record for plaintiff Cathryn Reid.  I am licensed to practice law in the State of California and have been admitted to practice in the Northern District of California.  I have direct and personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I would competently testify to these facts.

2.     A primary reason for continuing the earlier case management conference herein was to allow sufficient time for plaintiff to make and complete the life insurance benefit claims herein.  Those claims were completed respecting the Insurer Defendants.  One insurer did conclude there was life insurance coverage as recently as seven months before Mr. Reid's death, but continues to deny the claim.  Specifically plaintiffs' claims were submitted to Defendants Lincoln/Jefferson and Sun Life; each claim was denied.  Plaintiff appealed the Lincoln/Jefferson denial; that appeal was denied.  Plaintiff appealed that denial; that appeal was denied.  Plaintiff appealed the Sun Life denial; that appeal was denied.  Plaintiff appealed that denial; that appeal was denied.

3.     Plaintiff has now settled her case with all Defendants and agreed on specific monetary amounts with each Defendant.  Plaintiff has signed a settlement agreement with two Defendants, and the other Defendant is reviewing one change, which Plaintiff has requested in their proposed settlement agreements.  All parties have agreed to request the continuance of the October, 5, 2012 Case Management Conference to November 9, 2012, to attempt to resolve the case without further involvement of the Court.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 28th day of September, 2012, at Altadena, California.


_____/s/ George J. Barron_____
George J. Barron

STIPULATION, DECLARATION AND [PROPOSED] ORDER CONTINUING CMC

CASE No. CV 10-02332
MMC

**[PROPOSED] ORDER**

Pursuant to stipulation, the Court hereby ORDERS as follows:

      1.      The case management conference is continued from October 5, 2012 to November 9, 2012; and

      2.      The joint case management conference statement is due on or before November 2, 2012.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:   September 28, 2012

                                   The Honorable Maxine M. Chesney
                                   United States District Court Judge